```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         PARKERSBURG
```

**GARY WAYNE TAYLOR,**

     **Movant,**

**v.**                                **Case No. 6:03-cv-02432**
                                      **Case No. 6:02-cr-00125-01**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's "Motion to Reopen the Time to File Appeal of the Denial of a COA" (docket sheet document # 79). This motion was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On September 16, 2002, pursuant to a written plea agreement (# 40), Movant, Gary Wayne Taylor, pled guilty to one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846, as stated in Count Two of a Superseding Indictment. (See Written Guilty Plea, # 41). On December 10, 2002, Movant was sentenced to 121 months of imprisonment, to be followed by a three-year term of supervised release. Movant was also ordered to pay a special assessment of $100. (See Judgment in a Criminal Case, # 53).

Movant did not file a notice of appeal to the United States Court of Appeals for the Fourth Circuit. However, on December 10, 2003, Movant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (# 57).

As grounds for relief, Movant contended that his conviction was obtained by the use of evidence acquired pursuant to an unconstitutional search and seizure, that, inasmuch as methamphetamine is listed as both a Schedule II and Schedule III drug in 21 U.S.C. § 812, the rule of leniency should have required the court to sentence him to no more than the five-year maximum provided for a Schedule III violation, and that the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), precluded the determination of relevant conduct based upon drug quantities that were not specified in the indictment. Movant further contended that he was provided ineffective assistance of counsel because his trial counsel, Richard A. Bush, did not raise the Apprendi issue, or the issue concerning the alleged discrepancy in the drug schedules, prior to or at his sentencing, and because Mr. Bush failed to take steps to secure a downward departure for substantial assistance. Finally, Defendant claimed that Mr. Bush failed to file an appeal asserting the Apprendi issue. (Id.)

After briefing of these issues by the parties, on April 27, 2004, the undersigned submitted a Proposed Findings and Recommendation, recommending that the presiding District Judge deny

2

Movant's section 2255 motion. (# 72). No objections were filed. Thus, on September 10, 2004, the presiding District Judge adopted the Proposed Findings and Recommendation, and denied Movant's section 2255 motion. (## 73 and 74).

On October 5, 2004, Movant filed a Motion for a Certificate of Appealability, requesting that he be permitted to file an appeal of the denial of his section 2255 motion. (# 76). Movant did not, however, file a notice of appeal. On October 15, 2004, the presiding District Judge entered an Order denying the Motion for a Certificate of Appealability, finding that Movant had not made a substantial showing of a denial of a constitutional right. (# 77). According to the docket sheet, a copy of this Order was mailed to Movant[1], defense counsel, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service. (Id.)

No further action was taken by Movant until March 7, 2005, when the Clerk's Office received a letter from Movant inquiring about the status of the Motion for a Certificate of Appealability. (# 78). That same day, the Clerk's Office mailed Movant a copy of the Order denying the motion.

On March 15, 2005, Movant filed the instant "Motion to Reopen the Time to File Appeal of the Denial of a COA." (# 79). Movant

---

[1] The undersigned notes that, in the Order itself, the Clerk was not directed to mail a copy of the Order to Movant.

3

asserts that he did not receive a copy of the Order denying his Motion for a Certificate of Appealability, and that he was unaware of the denial of the motion until he received the letter from the Clerk's Office on March 9, 2005. Movant has provided a Declaration, under penalty of perjury, stating that he did not know about the Order denying his Certificate of Appealability until he received the Clerk's letter on March 9, 2005. (Id., Decl. of Gary Wayne Taylor). Accordingly, Movant requests that the court "reopen the time to file an Appeal of the denial of the motion for a COA [certificate of appealability]." Movant has specifically stated that he wishes to reopen the time to appeal from the Order of October 15, 2004, not the Judgment Order of September 10, 2004.

## **ANALYSIS**

Rule 22(b) of the Federal Rules of Appellate Procedure provides as follows:

> (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If the applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1)(emphasis added). Furthermore, Rule 11 of

4

the Rules Governing Section 2255 Proceedings provides that Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under those rules.  See also, Rothman v. United States, 508 F.2d 648, 651 (3d Cir. 1975).

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that the notice of appeal in a civil case must be filed with the district court clerk within 30 days of the entry of the judgment or order being appealed.  Fed. R. App. P. 4(a)(1)(A).  Furthermore, Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>> (A)  the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>>
>> (B)  the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>>
>> (C)  the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the undersigned proposes that the presiding District Judge **FIND** that Movant was required to file a notice of appeal from the Order denying his Motion for a Certificate of Appealability

within 30 days of the entry of the Order, or by November 15, 2004.

It appears from the evidence of record that Movant's declaration, under penalty of perjury, that he did not receive notice of the denial of his request for a certificate of appealability until March 9, 2005, is made in good faith. Furthermore, it does not appear that either Movant or the United States would be prejudiced by the reopening of the time for Movant to seek an appeal.

Based upon the evidence of record, the undersigned proposes that the presiding District Judge **FIND** as follows:

1. that Movant did not have notice of the entry of the Order denying his Motion for a Certificate of Appealability until March 9, 2005 (more than 21 days after the entry of the Order), and that he was entitled to such notice;

2. that Movant's Motion to Reopen the Time to File Appeal was made within 180 days of the entry of the Order, and within seven days of receiving notice of the Order.

3. that no party would be prejudiced by the reopening of the time to file an appeal.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Movant's "Motion to Reopen the Time to File Appeal of the Denial of a COA" (# 79), and allow Movant 14 days from the entry of the Order granting the motion to reopen to file a notice of appeal.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Gary Wayne Taylor, and counsel of record.

    April 6, 2005                                /s/ Mary E. Stanley
        Date                                    Mary E. Stanley
                                              United States Magistrate Judge